UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE WITNER,

    Plaintiff,

v.                                Case No. 8:24-cv-1751-CPT

COMMISSIONER OF THE SOCIAL
 SECURITY ADMINISTRATION,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Supplemental Security Income (SSI). (Doc. 23). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

**I.**

The Plaintiff was born in 1977, completed high school, and has past relevant work experience as a general merchandise salesperson. (R. 210–11, 2599). The Plaintiff applied for SSI in November 2020, alleging disability as of August 2020 due to anxiety, asthma, arthritis, migraines, depression, hypothyroidism, neck pain, bipolar disorder, panic attacks, chronic knee pain, obsessive compulsive disorder, irritable bowel syndrome, degenerative disc disease, and post-traumatic stress

disorder. *Id.* at 210. The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. *Id.* at 219, 233.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in March 2023. *Id.* at 30–54, 266. The Plaintiff was represented by an attorney at that proceeding and amended her alleged disability onset date to November 2020. *Id.* at 30–54. The Plaintiff also testified, as did a vocational expert (VE). *Id.*

In April 2023, the ALJ issued a decision denying the Plaintiff's disability application, *id.* at 10–29, and the Appeals Council denied the Plaintiff's subsequent request for review, *id.* at 1–4. As a result of the latter event, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F. 4th 1309, 1313 (11th Cir. 2021) (citation omitted).

The Plaintiff thereafter appealed the matter to this Court, which reversed the Commissioner's decision on the Commissioner's own motion and remanded the case back to the SSA. (R. 2718–22). On remand, the ALJ conducted another hearing in April 2024. *Id.* at 2629–66. The Plaintiff was represented by a non-attorney representative at that proceeding and testified on her own behalf. *Id.* A VE also testified. *Id.*

In a decision handed down in May 2024, the ALJ determined that the Plaintiff (1) had not engaged in substantial activity since her application date in November 2020; (2) had the severe impairments of asthma, headaches, obesity, depression,

hypothyroidism, schizoaffective disorder, generalized anxiety disorder, chronic pain syndrome, cervical and lumbar radiculopathy, diabetes mellitus with peripheral neuropathy, degenerative arthritis of the hips, left shoulder, and left knee, and degenerative disc disease of the cervical, thoracic, and lumbar spines; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[1] (4) had the residual functional capacity (RFC) to perform either sedentary work or light work with some limitations; and (5) based on the VE's testimony, could not engage in her past relevant work as a general merchandise salesperson but could perform other jobs that exist in significant numbers in the national economy. *Id.* at 2589–2609. In light of these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.* at 2601. The ALJ's decision thereafter became the final decision of the Commissioner. *Viverette*, 13 F.4th at 1313.

## II.

The Social Security Act (the Act) defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R.

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems considerable enough to prevent a person from performing any gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. 20 C.F.R. § 416.920(a)(4)(iii); *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

§ 416.905(a).[2]    A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."    42 U.S.C. § 1382c(a)(3)(D).

To ascertain whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3]    Under this process, an ALJ must assess whether a claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience.  *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).  Although a claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five.  *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  If the Commissioner carries that burden, a claimant must then prove she cannot engage in the work identified by the Commissioner.  *Goode*, 966 F.3d at 1279.

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff raises four challenges on appeal: (1) the ALJ erred at step four by not properly addressing certain medical opinion evidence; (2) the ALJ also erred at step four by not considering the Plaintiff's obesity; (3) the ALJ further erred at step four by not taking into account the Plaintiff's migraine headaches; and (4) the ALJ's step five finding that the Plaintiff could perform a significant number of jobs in the national economy was not supported by substantial evidence.[4] (Doc. 23). After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's first claim of error has merit and alone warrants remand.

As noted above, the ALJ's task at step four is to determine a claimant's RFC and her ability to engage in her past relevant work. *See* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945. To do so, the ALJ must decide given all the pertinent evidence before him what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id*. In making this assessment, an ALJ must consider all medical opinions and prior administrative medical findings in a claimant's case record, together with the other relevant evidence. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citations omitted).

A medical opinion is a statement from a physician or other acceptable medical source concerning what a claimant can still do despite her impairments; whether the

---

[4] The Court has reordered the Plaintiff's challenges for purposes of its analysis.

6

claimant is limited in her capacity to perform various work activities; and whether the claimant can see, hear, or use her other senses or "adapt to environmental conditions, such as temperature extremes or fumes." 20 C.F.R. § 416.913(a)(2).  A prior administrative medical finding, on the other hand, is a finding that pertains to "a medical issue made by [the SSA's f]ederal and [s]tate agency medical and psychological consultants at a prior level of review[,]" but that does not constitute an "ultimate determination about whether [the claimant is] disabled[.]"  20 C.F.R. § 416.913(a)(5).

The Regulations governing the evaluation of medical evidence, including medical opinions and prior administrative medical findings, were amended for disability applications filed on or after March 27, 2017, as this one was.  *See* 20 C.F.R. § 416.920c; *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 n.4 (11th Cir. 2021), *superseded by regulation on other grounds as stated in Glover v. Comm'r of Soc. Sec. Admin.*, 2022 WL 17826364, at *3 n.2 (11th Cir. Dec. 21, 2022).  The ALJ now determines the persuasiveness of a medical opinion and a prior administrative medical finding instead of generally predicating their weight on the source or consultant who offered the opinion or finding.  *Compare* 20 C.F.R. § 416.927(c) *with* 20 C.F.R. § 416.920c.  In conducting this analysis, an ALJ must consider the following five factors: (1) supportability; (2) consistency; (3) the source or consultant's relationship with the claimant; (4) the source or consultant's area of specialization; and (5) any other pertinent factors "that tend to support or contradict a medical opinion" or a prior administrative medical finding, such as whether the source or consultant is familiar

with the other record evidence or has "an understanding of [the SSA's] disability program's policies and evidentiary requirements." *Id.* § 416.920c(c); *see also Nixon v. Kijakazi*, 2021 WL 4146295, at *3 (M.D. Fla. Sept. 13, 2021) (citation omitted).

Of these factors, supportability and consistency are the most important. *See* 20 C.F.R. § 416.920c(b)(2); *Nixon*, 2021 WL 4146295, at *3 (citation omitted). Supportability addresses the extent to which a medical source or consultant has articulated record evidence bolstering his own opinion or finding, while consistency deals with whether a medical source or consultant's opinion or finding comports with other evidence in the record. *See* 20 C.F.R. § 416.920c(c)(1)–(2); *Vachon v. Comm'r of Soc. Sec.*, 2022 WL 458604, at *4 (M.D. Fla. Feb. 15, 2022); *Barber v. Comm'r of Soc. Sec.*, 2021 WL 3857562, at *3 (M.D. Fla. Aug. 30, 2021) (citation omitted). The amended Regulations require an ALJ to discuss supportability and consistency but do not obligate him to describe how he evaluated the other three factors. *See* 20 C.F.R. § 416.920c(b)(2); *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citation omitted). In the end, the amended Regulations—like their predecessors—do not preclude an ALJ from rejecting any medical opinion or prior administrative medical finding if the evidence dictates a contrary assessment. *Freyhagen*, 2019 WL 4686800, at *2 (citing *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007) (per curiam); *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)).

In this case, a state agency consultant, Dr. James Brown, made medical findings during the administrative review process regarding how the Plaintiff's mental impairments affected four broad functional areas, known as the Paragraph B criteria. *See* (R. 229–31); *see also* 20 C.F.R. § 416.920a(c)(3).  As relevant here, these criteria include concentrating, persisting or maintaining pace, along with adapting or managing oneself.  20 C.F.R. § 416.920a(c)(3).

As to the former category, Dr. Brown opined that the Plaintiff had moderate limitations in both her capacity to maintain attention and concentration for extended time frames, as well as in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. 230).  In a related narrative discussing this domain, Dr. Brown explained that the Plaintiff could "maintain attention and perform at an acceptable consistent pace on simple and detailed tasks for [two]-hour periods, over [eight]-hour workdays and [forty]-hour workweeks, with normal breaks and without interruption from psychologically based symptoms." *Id.*

With respect to the adapting or managing oneself category, Dr. Brown found that the Plaintiff was moderately limited in her capacity to respond appropriately to changes in the work setting. *Id.*  Dr. Brown observed in this respect that the Plaintiff "may have some difficulty adapting to change in routine but will be mentally able to function within a stable work assignment." (R. 230–31).  Dr. Brown concluded his assessment by opining that the Plaintiff was "mentally able to perform complex

9

(skilled) tasks with minimal (normal) supervision, casual public contact, and infrequent changes in routine." (R. 231).

In his decision, the ALJ discussed Dr. Brown's opinion and partially discounted it. (R. 2599). The ALJ reasoned:

> The aforementioned [s]tate agency mental consultant[,]. . . Dr. Brown[,] opined that the claimant was capable of simple, routine, and even detailed tasks and decisions in an environment with a non-confrontational supervisor and limited direct interaction with the general public. Th[is] opinion[ is] . . . somewhat vague when it comes to specific, quantifiable workplace functional limitations. . . . [It] also do[es] not neatly align with the preceding ratings within the "[P]aragraph B" categories. The opinion[ is] . . . therefore not entirely persuasive, and instead the [undersigned] finds that the claimant is mentally capable of following simple, routine tasks and instructions with no more than occasional interactions with coworkers, supervisors, and/or the public.

(R. 2599) (internal record citations omitted).[5]

The Plaintiff now argues that the ALJ's analysis of Dr. Brown's opinion did not properly address the supportability and the consistency factors as required by the Regulations. (Doc. 23 at 20). The Court agrees.

To begin it is unclear whether the ALJ meant in the above excerpt that Dr. Brown's assessment did not cohere with the doctor's own evaluation of the Paragraph B criteria or that of the ALJ. *See* (R. 2599). In addition to this issue, the ALJ did not adequately explain the extent to which Dr. Brown substantiated his own findings, as well as the extent to which the other record evidence conforms to those findings. In

---

[5] The ALJ's decision examined the opinion of another state agency consultant, Dr. Lawrence Annis, who rendered findings upon an initial review that were similar to those made by Dr. Brown. (R. 217).

light of these deficiencies, the Court cannot discern whether sufficient evidence bolsters the ALJ's determination that Dr. Brown's opinion should not be adopted in full. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable [a court] to conduct meaningful review.") (citation omitted); *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (emphasizing that when considering medical opinions under the new Regulations, an ALJ must "*explain* his decision, particularly with respect to supportability and consistency") (citations omitted); *see also Walker v. Kijakazi*, 2022 WL 3686707, at *5 (N.D. Fla. July 25, 2022) (stating that an ALJ's consistency and supportability analysis must allow a court to undertake a "meaningful review" of whether the ALJ's reasoning was properly substantiated by the record) (internal quotation marks and citation omitted), *report and recommendation adopted,* 2022 WL 3684609 (N.D. Fla. Aug. 25, 2022); *Spaar v. Kijakazi*, 2021 WL 6498838, at *4 (S.D. Ga. Dec. 28, 2021) ("The ALJ is completely silent on the 'supportability' of [the medical] opinion, which is plainly an error[.]") (citation omitted), *report and recommendation adopted*, 2022 WL 141613 (S.D. Ga. Jan. 14, 2022).   As a result, reversal and remand is required. *See Brown*, 2021 WL 2917562, at *4 (finding that an ALJ's failure to explain his assessment of medical opinions "requires reversal and remand") (collecting cases); *Spaar*, 2021 WL 6498838, at *4–6 (deeming an ALJ's failure to resolve the matter of supportability as necessitating remand).

In an attempt to get around this defect, the Commissioner contends that the ALJ offered a "sufficient explanation as to why the limitations[ proposed by Dr. Brown] were not adopted into the RFC." (Doc. 29 at 7). This assertion is unavailing. The operative question here is whether the ALJ properly evaluated the extent to which Dr. Brown articulated record evidence bolstering his findings and whether Dr. Brown's determinations were consistent with other evidence in the record. *See* 20 C.F.R. § 404.1520c(c)(1)–(2); *see also Pierson v. Comm'r of Soc. Sec.*, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) ("[T]he new [R]egulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020). For the reasons set forth above, the ALJ did not do so here.

Although not entirely clear, it appears the Commissioner alternatively maintains that the ALJ adequately accounted for Dr. Brown's opinion by crafting an RFC detailing that the Plaintiff "can follow simple, routine tasks and instructions with no more than occasional interactions with coworkers, supervisors, and/or the public." (Doc. 29 at 7–8) (citing R. 230–32, 2593). The Commissioner's argument, however, is unaccompanied by any legal authority and is thus waived. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (per curiam) (finding that a party abandons a claim when, among other things, she "raises it in a perfunctory manner") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner . . . are generally

12

deemed to be waived.") (internal quotation marks and citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (concluding that a plaintiff waived a contention "because he did not elaborate on [the] claim or provide citation to authority about [it]") (citation omitted).  Even were that not the case, the Commissioner does not show how the ALJ's RFC determination takes into account Dr. Brown's findings that, *inter alia*, the Plaintiff must have a "stable work assignment" and must be confined to simple and detailed tasks within two-hour increments.[6]  *See* (R. 230–31); *Thompson v. Kijakazi*, 2022 WL 1165019, at *6 (M.D. Fla. Apr. 20, 2022) (criticizing the ALJ's finding that a provider's medical opinion was "persuasive" because the ALJ did not consider the provider's restrictions that the claimant could, *inter alia*, only have minimal social interaction with coworkers and could only "persist and maintain attention and concentration for two hour increments sufficiently enough to complete an eight hour workday").

Based upon the foregoing, the Court need not resolve the Plaintiff's remaining challenges, including those related to the ALJ's review of other medical opinions in the record.  *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (ruling that there was no need to analyze any additional issues because the case was reversed due to other dispositive errors); *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to

---

[6] Notably, the Commissioner does not posit any further arguments regarding the requirement that the ALJ examine the supportability and consistency of Dr. Brown's assessments or argue that the ALJ's failure to do so amounts to harmless error. *See* (Doc. 29 at 7–8).

discuss the claimant's remaining arguments given the determinations rendered in remanding the action); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other claims raised) (citations omitted).  On remand, however, the ALJ must consider the entirety of the record evidence in accordance with the governing case law and the applicable regulatory provisions in evaluating the Plaintiff's impairments.  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (noting that the ALJ must take into the whole record on remand).

IV.

In light of all the above, it is hereby ORDERED:

1.     The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2.     The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

3.     The Court reserves jurisdiction on the matter of costs pending a further motion.

SO ORDERED in Tampa, Florida, this 26th day of September 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record